UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| JOSEPH K. THORNTON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 1:18CV214 RLW |
| ) | |
| BILL STANGE,[1] ) | |
| ) | |
| Respondent. ) | |

# MEMORANDUM AND ORDER

This matter is before the Court on Joseph K. Thornton's Amended Petition under 28 U.S.C. §2254 for Writ of Habeas Corpus By a Person in State Custody (ECF No. 4). Because this Court has determined that Thornton's claims are inadequate on their face and the record affirmatively refutes the factual assertions upon which his claims are based, this Court decides this matter without an evidentiary hearing.[2]

---

[1] Petitioner has named Jason Lewis as the respondent. The proper respondent for a prisoner currently in custody pursuant to a state court judgment is the state officer having custody of the applicant. *See* 28 U.S.C. § 2254, Rule 2(a). Bill Stange, Warden of the Southeast Correctional Center, is now the proper respondent.

[2] "A district court does not err in dismissing a movant's motion without a hearing if (1) the movant's 'allegations, accepted as true, would not entitle' the movant to relief, or '(2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Buster v. U.S.*, 447 F.3d 1130, 1132 (8th Cir. 2006) (quoting *Sanders v. U.S.*, 341 F.3d 720, 722 (8th Cir. 2003)(citation and quotation marks omitted); *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991) (in a §2254 case, holding that "[a] petitioner is not entitled to an evidentiary hearing . . . when his claims are . . . contentions that in the face of the record are wholly incredible.").

## BACKGROUND

Petitioner Joseph K. Thornton was convicted after an *Alford*[3] plea on September 30, 2014, of one count of second-degree murder and five counts of first-degree assault. *See State v. Thornton*, No. 13CG-CR02102 (32nd Judicial Circuit). At the plea, Thornton complained that his counsel had been unable to negotiate a "cap" on his sentence, but he still wanted to proceed with the *Alford* plea. The prosecutor recited that after Thornton was asked to leave a barbecue, he struck and/or ran over six people with his vehicle in an attempt to hit a particular person. (ECF No. 8 at 4). Thornton admitted that the prosecutor would have been able to prove these facts to the jury, although Thornton claimed he blacked out after entering his vehicle and then regained consciousness immediately after striking and/or running over the victims. On December 12, 2014, the plea court sentenced Thornton to an aggregate sentence of thirty-five years imprisonment.

Thornton did not file a direct appeal. On January 12, 2015, Thornton filed a pro se motion for post-conviction relief under Mo. S. Ct. R. 24.035, which was amended by appointed counsel. The motion court denied the amended motion without a hearing. *See Thornton v. State*, No. 15CG-CC00034 (32nd Judicial Circuit). The appellate court's mandate was issued on September 27, 2017.

On August 27, 2018, Thornton filed the Petition for Writ of Habeas Corpus with this Court. (ECF No. 1). On September 4, 2018, Thornton filed an Amended Petition under 28 U.S.C. §2254 for Writ of Habeas Corpus By a Person in State Custody (ECF No. 4).

---

[3] *North Carolina v. Alford*, 400 U.S. 25 (1970).

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. §2254, a district court "shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a). "[A]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. §2254(d). "'A state court's decision is contrary to clearly established law if it applies a rule that contradicts the governing law set forth in [Supreme Court] cases or if it confronts a set of facts that are materially indistinguishable from a [Supreme Court] decision and nevertheless arrives at a [different] result.'" *Cagle v. Norris*, 474 F.3d 1090, 1095 (8th Cir. 2007) (quoting *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003)). The Supreme Court has emphasized the phrase "Federal law, as determined by the Supreme Court," refers to "the holdings, as opposed to the dicta, of this Court's decisions," and has cautioned that §2254(d)(1) "restricts the source of clearly established law to [the Supreme] Court's jurisprudence." *Williams v. Taylor*, 529 U.S. 362, 412 (2000). "A [s]tate court unreasonably applies" federal law when it "identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case," or "unreasonably extends a legal principle from [the Supreme Court's] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where

it should apply." *Williams*, 529 U.S. at 407. A state court decision may be considered an unreasonable determination "only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record." *Ryan v. Clarke*, 387 F.3d 785, 791 (8th Cir. 2004) (citing 28 U.S.C. §2254(e)(1)).

As to Petitioner's ineffective assistance of counsel claims, he "must show 'that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.'" *Strong v. Roper,* 737 F.3d 506, 517 (8th Cir. 2013) (quoting *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). Under this standard, counsel must "'make reasonable investigations or ... make a reasonable decision that makes particular investigations unnecessary.'" *Id.* (quoting *Strickland,* 466 U.S. at 691). "'Judicial scrutiny of counsel's performance is highly deferential, indulging a strong presumption that counsel's conduct falls within the wide range of reasonable professional judgment.'" *Id.* (quoting *Bucklew v. Luebbers,* 436 F.3d 1010, 1016 (8th Cir. 2006)). The Court's review is governed by both § 2254(d) and *Strickland,* meaning the Court must be "'twice deferential: we apply a highly deferential review to the state court decision; the state court, in turn, is highly deferential to the judgments of trial counsel.'" *Strong,* 737 F.3d at 517 (quoting *Nooner v. Norris,* 402 F.3d 801, 808 (8th Cir.2005)); *see also Harrington v. Richter*, 562 U.S. 86, 105 (2011) (stressing the difficulty of overcoming both § 2254(d) and *Strickland* "when the two apply in tandem"); *Forrest v. Steele*, 764 F.3d 848, 853 (8th Cir. 2014) (same).

## DISCUSSION

### I. GROUND ONE

In Ground One, Thornton alleges that his plea counsel was ineffective based upon his counsel's "poor pretrial advice". According to Thornton, plea counsel advised Thornton that he would be "better off going to trial or entering a blind plea." (ECF No. 4 at 7). Thornton claims

–4–

that he would have received less time on his sentence if he had taken the State's initial plea offer or the later twenty-five year offer. (ECF No. 4 at 7). Thornton claims that, "but for counsel's advice," Thornton would have accepted the twenty-five year (or less) plea offer." (ECF No. 4 at 9). Also, Thornton claims the plea court would have accepted the plea offer and would have sentenced Thornton to a less severe sentence (25 years (or less) as opposed to 35 years)." (ECF No 4 at 9). Thornton claims there was no "rational basis for plea counsel to advise Thornton to enter a blind plea and hope for a twenty-five year sentence or less given the overwhelming evidence of guilt and the State's request for a forty-five year sentence." (ECF No. 4 at 9).

The post-conviction review ("PCR") court, deciding this issue without a hearing, found that Thornton's guilty plea was knowing and voluntary, and that counsel's advice was not deficient. The court found that as long as Thornton understood the full range of punishment, then he was properly advised regarding risk of an open plea. (ECF No. 8-2 at 96). The Missouri Court of Appeals, affirming the decision of the lower court, found that Thornton's plea was voluntary and that by entering an open plea, plea counsel could argue for a fifteen-year sentence. *See Thornton v. State*, No. ED105106, at p. 4 (Mo. Ct. App. Sept. 5, 2017).

Thornton claims that the Missouri Court of Appeals' decision was contrary to, or involved an unreasonable application of clearly established federal law and was based on an unreasonable determination of the facts. Thornton complains that the Missouri Court of Appeals' decision involved an unreasonable application of *Strickland* because the Missouri Court of Appeals focused on whether Thornton's plea was voluntary, instead of whether he received effective assistance of counsel during his plea negotiations. (ECF No. 4 at 10). Further, Thornton claims that the Missouri Court of Appeals made an unreasonable determination of the facts because it found counsel's advice to take an open plea was reasonable, despite the overwhelming and prejudicial

–5–

nature of the evidence against Thornton. (ECF No. 4 at 10). Finally, Thornton claims that the Missouri Court of Appeals' factual findings were unreasonable given that it did not hold an evidentiary hearing. That is, Thornton complains he was unable to question plea counsel regarding the soundness of her advice to Thornton. (ECF No. 4 at 11). Thornton claims this Court must hold an evidentiary hearing to develop this ground for relief. (*Id*.)

To satisfy the first prong of the *Strickland* test, Thornton must overcome a strong presumption that counsel provided competent representation by showing "that counsel's representation fell below an objective standard of reasonableness." *Worthington v. State,* 166 S.W.3d 566, 573 (Mo. banc 2005).This standard is met by identifying specific acts or omissions of counsel that, in light of all the circumstances, fell outside the wide range of professional competent assistance. *Id.* It is presumed that counsel's conduct was reasonable and effective. *Id.* This Court holds the *Strickland* standard for ineffective assistance of counsel has not been met.

The Court holds that Ground One fails, even without a hearing, because Thornton has not shown that his counsel was ineffective under *Strickland*. As part of his *Alford* plea, Thornton told the plea court that he received no promises beyond the plea agreement. (ECF No. 8-2 at 22-23). Under the plea agreement, Count II for Armed Criminal Action was dismissed and the parties could argue for any range of punishment for the remaining counts. (ECF No. 8-2 at 23-24). The Court explained to Thornton that "if you add all of those [potential sentences for each count] up, the total maximum punishment, if I was to sentence you to the maximum on each charge and run all those sentences consecutive, is a hundred and thirty-five years. Now I'm not saying I'm going to do that, but today I'm not promising that I won't." (ECF No. 8-2 at 24). The plea court also told Thornton that it would receive a pre-sentence report and hold a sentencing hearing, wherein the parties could present evidence regarding the proper sentence. (ECF No. 8-2 at 24-25). After

an off-the-record discussion with his counsel, Thornton stated that he wanted to plead guilty and he understood that the maximum possible penalty.  (ECF No. 8-2 at 26-27).  Upon prompting, Thornton told the plea court that his attorney negotiated the plea deal to his satisfaction.  (ECF No. 8-2 at 31).  Thornton stated he was dissatisfied that his attorney failed to get a "cap" on the plea agreement, but admitted that the prosecutor refused to offer such as cap.  (ECF No. 8-2 at 31).  On December 12, 2014, the court sentenced Thornton to an aggregate 35-year prison sentence.  (ECF No. 8-2 at 55-57).

On post-conviction review, Thornton claimed he "received poor advice from trial counsel making him reject the State of Missouri's first plea offer" and "advised him that he could do better at trial or by pleading blindly to the court."  (ECF No. 8-2 at 94).  The PCR court analyzed Thornton's claim and found that the trial counsel's advice did not meet the ineffective assistance of counsel standard under *Strickland v.*  (ECF No. 8-2 at 96).  The PCR court found that Thornton knew the range of punishment, knew he could not reply on any promises made by any side (including his own attorney), was satisfied by his trial counsel's representation and advice, was voluntarily entering into an Alford plea, risked the possibility of a higher sentence in order to argue for a lighter sentence, and that was sentenced within the parameters of the Missouri statutes.  (ECF No. 8-2 at 96).  The PCR court reviewed the record in the case and also noted that the PCR court "personally observed Movant during the entry of the plea".  (ECF No. 8-2 at 98).  Based upon the foregoing, the PCR court found that Thornton's plea was "knowing and voluntarily made as to the charges he pled and the sentence he received was within the confines of state statutes."  (ECF No. 8-2 at 98).  The PCR court summarized that plea counsel's representation was not deficient:

> Based on this review, this Court finds that the advice provided by trial counsel was not deficient. When you knowingly leave the decision in the hands of another, a reasonable attorney understands that forecasting what a judge will do is limited to something within the sentencing statutes applicable to the case. As long as a defendant understands the ranges of punishment, he has been properly advised when he risks an open plea to a court. Because [Thornton] risked an open plea, any prejudice to him will be not be supported as long as he was sentenced in accordance with the law.

(ECF No. 8-2 at 98).

Likewise, the Missouri Court of Appeals found that plea counsel's representation was not deficient under *Strickland*. The Missouri Court of Appeals discerned that counsel's advice to enter into an open plea was strategic because it allowed counsel "to argue for a fifteen-year sentence, which was more favorable than that State's offer, and was consistent with Mr. Thornton's goal of minimizing his sentence. Counsel may pursue one reasonable strategy to the exclusion of another." (ECF No. 8-6 at 5 (citing *Barton v. State*, 432 S.W. 3d 741, 749 (Mo. banc 2014)).

Under the *Strickland* standard, counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment," and the burden to show otherwise "rests squarely on the defendant." *Burt v. Titlow*, 571 U.S. 12, 17 (2013). "'Surmounting *Strickland*'s high bar is never an easy task,' and the strong societal interest in finality has 'special force with respect to convictions based on guilty pleas.'" *Lee v. United States*, 137 S. Ct. 1958, 1967 (2017) (citations omitted). A guilty plea and representations made by a defendant during plea-taking create a "strong presumption of verity" and pose "a formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977).

The Court relies upon Thornton's statements that regarding his awareness of his range of punishment and his attorneys' sufficient performance and finds that Ground One fails.

–8–

Thornton's conclusory allegations in this § 2254 action are simply insufficient to overcome the *Strickland* presumption of attorney competency, the "strong presumption of verity" accompanying a guilty plea, and the state courts' determinations that Thornton knowingly chose to plead guilty in order to argue for a lesser sentence. Thus, he has failed to meet his burden of showing that the state courts' decisions were contrary to, or an unreasonable application of, any federal law, or that the decisions were based on an unreasonable determination of the facts in light of the state court record. *See* 28 U.S.C. § 2254(d).

Further, the record clearly refutes Thornton's allegations that his attorney gave him poor legal advice. Importantly, as a result of his attorneys' efforts, one of Thornton's charges was dismissed in exchange for his pleas and he received an aggregate sentence that was significantly *less* than the statutory maximums. Accordingly, the Court holds that Thornton's claim, that his attorney was ineffective in advising him to enter into an *Alford* plea, be dismissed as without merit.

## II. GROUND TWO

Thornton claims that this right to effective assistance of counsel, as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution was violated when plea counsel advised Thornton that he would be sentenced to no more than 25 years imprisonment at an open plea. (ECF No. 4 at 12). Thornton claims that "there was no likelihood of the judge giving him the previously offered sentence of twenty to twenty-five years" when the prosecutor was asking for a forty-five year sentence. (ECF No. 4 at 12). Thornton maintains his plea counsel was ineffective because "[r]easonably competent counsel in similar circumstances would … not have advised Thornton that he would receive a twenty to twenty-five [year] sentence if entered an open plea." (ECF No. 4 at 13). Thornton claims that he would have "either taken the State's offer or proceeded to trial" but for his plea counsel's advice. (ECF No. 4 at 13). Thornton argued that the

Missouri Court of Appeals' decision incorrectly determined that plea counsel's allegedly deficient advice was not prejudicial.  Further, Thornton contends the Missouri Court of Appeals should have held an evidentiary hearing to question plea counsel regarding her advice and so Thornton could testify regarding the impact of plea counsel's advice on Thornton's decision to plea.  (ECF No. 4 at 15).

The Missouri Court of Appeals found that counsel's advice was not deficient because Thornton knowingly entered into an open plea and was sentenced within the statutory range of punishment.  The Missouri Court of Appeals found that counsel's incorrect prediction as to Thornton's sentence did not make his plea involuntary.  (ECF No. 8-6, *Thornton v. State*, No. ED105106, Memo., pp. 4-5 (Mo. App. E.D. Sept. 5, 2017) (affirming denial of relief)).  The Missouri Court of Appeals held "Mr. Thornton proceeded with his pleas, knowing that he did not have to, knowing that he could proceed to trial, and knowing that the court had the authority to sentence him to the full range of punishment.  Mr. Thornton has not shown that counsel's advice affected the voluntariness of his pleas."  (ECF No. 8-6 at 5).

"As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011).  Here, even without a hearing, the Court holds that Thornton has not demonstrated that his counsel's representation fell below an "objective standard of reasonableness." *Harrington*, 562 U.S. at 104; *Strickland*, 466 U.S. 668.  The Court holds that it would be well within the bounds of a reasonable judicial determination for the state court to conclude that defense counsel could follow a strategy that allowed argument for a lower prison sentence, even if it risked a higher sentence as part of an

open plea. *Harrington*, 562 U.S. at 106. That is, "[c]ounsel was entitled to formulate a strategy that was reasonable at the time and to balance limited resources in accord with effective trial tactics and strategies." *Harrington*, 562 U.S. at 107. Furthermore, "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." *Strickland,* 466 U.S. at 690–91; *Escobedo v. Lund*, 760 F.3d 863, 869 (8th Cir. 2014). Thornton has not shown that his counsel made an incomplete investigation. Rather, at most, Thornton has shown that his counsel made a poor guess or imprecise estimation regarding the plea court's sentencing decision. Thornton's counsel's strategic decision is not a permissible basis for habeas relief. The Court denies Thornton's claim in Ground Two.

### III.  GROUND THREE

Thornton argues that his right to due process, as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, was violated when the circuit court accepted his plea to second degree murder, and first-degree assault (five counts) because Thornton did not understand that intent was an element of those crimes. (ECF No. 4 at 16). Thornton notes that he entered an *Alford* plea because he did not remember what happened the night of the incidents. Thornton cites *Henderson v. Morgan*, 426 U.S. 645 (1976) for the proposition that a guilty plea should be vacated where there is no evidence the defendant acted with the requisite intent. (ECF No. 4 at 16). Thornton maintains that "the circuit court could not find that a factual basis was established to support the element of intent based upon the State's basic recitation of the facts." (ECF No. 4 at 17). Thornton criticizes the plea court for not asking "specific" questions "regarding his understanding of the elements of the charge to which he

–11–

pled guilty." (ECF No. 4 at 17). Thus, Thornton claims that the record does not "conclusively prove that plea counsel explained the elements of each of the offenses to Thornton so as to support a claim he understood the elements of the offenses of second degree murder and first degree assault." (ECF No. 4 at 17-18). Although this issue was not raised in state court, Thornton argues this claim has not been procedurally defaulted and he should be allowed to develop this issue under *Martinez v. Ryan*, 566 U.S. 1 (2012). (ECF No. 4 at 18).

First, Thornton admits that he did not raise the issue in Ground Three in state court, but claims that his procedural default should be excused because of ineffective assistance of counsel, as elucidated in *Martinez v. Ryan*. The Court, however, holds this claim has been procedurally defaulted and does not apply. In *Martinez v. Ryan*, the Supreme Court held that "a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the [State's] initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." In Ground Three, Thornton alleges trial court error, not ineffective assistance of counsel. That is, Thornton claims that the plea court erred in accepting his *Alford* plea because Thornton did not understand the intent elements of his crimes. *See* ECF No. 4 ("Thornton asserts that the circuit court could not find a factual basis was established to support the element of intent based upon the State's basic recitation of the facts."). Therefore, the Court holds that *Martinez v. Ryan* does not apply and this claim has been procedurally defaulted.

Moreover, even if this claim were not procedurally defaulted, it fails as a matter of law because the record demonstrates Thornton understood the intent element of his crimes. The Amended Information for Felony clearly states that Thornton had intent to cause his crimes in

that he "knowingly caused serious physical injury" when he struck and/or ran down the victims named.  (ECF No. 8-2 at 12-13).  Likewise, at the guilty plea, the prosecutor stated that at trial the State would have shown that "Mr. Thornton floor[ed] the car, hit[] Mr. Suell and continue[d] to go between two parked cars until the car hit[] under a carport and land[ed] on his cousin Jeremy Johnson" as well as several others.  (ECF No. 8-2 at 33).  Thereafter, the court engaged in a lengthy discussion with Thornton regarding his intent to harm the victims that day.  (ECF No. 8-2 at 34-44).  Thornton admitted that the State had evidence "from which they could persuade a jury beyond a reasonable doubt that [Thornton] did make that car go forward in an attempt to hit Mr. Suell" and the other victims.  (*Id*.)  The Court finds that the record unequivocally demonstrates that Thornton understood that intent was an element of the charges against him, and he agreed that the state had sufficient evidence of that intent to convict him.  Therefore, the Court finds no constitutional violation and denies Thornton's claim in Ground Three.

Accordingly,

**IT IS HEREBY ORDERED** that Joseph K. Thornton's Amended Petition under 28 U.S.C. §2254 for Writ of Habeas Corpus By a Person in State Custody (ECF No. 4) is **DENIED**.

**IT IS FURTHER ORDERED** that because Petitioner cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), *cert. denied*, 525 U.S. 834, 119 S. Ct. 89, 142 L. Ed. 2d 70 (1998).

A judgment dismissing this case is filed herewith.

Dated this 1st day of September, 2021.

*Ronnie L. White*
_____
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE